## In re GILL.

### (District Court, N. D. Georgia. April 17, 1912.)

### No. 3,110.

BANKRUPTCY (§ 100*)—ADJUDICATION ON INVOLUNTARY PETITION—VACATION —GROUNDS.

A bankrupt who expressly agreed that the prayer of the involuntary petition in bankruptcy should be granted, and that a receiver should be appointed, who made no defense to the adjudication in bankruptcy, and who filed his schedule in bankruptcy and appeared generally before the court in person and by attorney throughout the various stages of the proceedings, was not entitled to a vacation of the adjudication by merely showing that he was induced to go into bankruptcy on the idea that the bankruptcy proceedings would remain in statu quo and that he would be allowed as was done to use property which he had used in specified work, but he must show that fraud was practiced in bringing about his consent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141– 144; Dec. Dig. § 100.*]

In the matter of J. C. Gill, a bankrupt. Motion to vacate adjudication in bankruptcy denied.

Jones & Chambers, for petitioning creditors.
Simmons & Simmons, for bankrupt.

NEWMAN, District Judge. On January 24, 1912, a petition in involuntary bankruptcy was filed by certain creditors against J. C. Gill. On the next day, the 25th, service was acknowledged and consent given to the prayer of the petition in the following language, as appears by entry on the bankruptcy petition:

"Due and legal service of the within petition is acknowledged, Subpœna and all other and further notice and service waived. I further agree to the granting of the prayers of the within petition.
"This January 25th, 1912.                    [Signed]    J. C. Gill."

The same day the petition in bankruptcy was filed a petition for the appointment of a receiver to take charge of the assets of the alleged bankrupt was filed. On this petition the following indorsement appears:

"Due and legal service of the within petition acknowledged and I agree to the appointment of a receiver.
"This January 25th, 1912.                    [Signed]    J. C. Gill."

On the same date, January 25, 1912, Thomas D. Meador was appointed receiver, and on the next day, the 26th, Mr. Meador declined to act as receiver. Then an order was made appointing T. J. Brooke receiver, and the following is the language used therein:

"And it appearing to the court that all parties consented, T. J. Brooke, of Atlanta, county of Fulton, state of Georgia, is hereby appointed receiver in the place of the said Thomas D. Meador," etc.

Mr. Brooke accepted the appointment as receiver, gave bond, and entered upon his duties as such.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It appears, therefore, that everything done in the case in the beginning was by consent, so far as the court knew, of every one at interest. There was considerable discussion as to what should be done with a number of mules which the bankrupt had, he desiring to keep them at work, and there being some objection to this. It was finally arranged, without any serious objection, to allow the bankrupt, under the supervision of the receiver, to continue to work the mules. Everybody connected with the case appeared at various stages of it in reference to this particular matter, and to some other matters connected with the estate. Process was regularly issued, returnable February 5, 1912; that is, that he must appear and plead or answer on February 10, 1912. On the 12th of February, there being no appearance or objection whatever to the adjudication, either by the bankrupt or by any of his creditors or any person interested, the adjudication was regularly entered and the case sent to the referee, and various matters have been pending and heard by the referee. The schedules of the bankrupt, sworn to by him as required by law, were regularly filed with the clerk. On March 19, 1912, a creditors' meeting was held, at which were present a majority in number and amount of the claims of the creditors of the said bankrupt, whereupon T. J. Brooke, of Atlanta, county of Fulton, state of Georgia, was unanimously elected trustee. After his election as trustee, T. J. Brooke gave bond, qualified as such trustee, and entered upon the discharge of his duties, and said Brooke, as receiver, filed his report.

Notwithstanding the foregoing, on March 28, 1912, application was made to vacate the order of adjudication, and an order was made by the court for parties at interest to show cause on March 30th. The petition to vacate sets out that the bankrupt has a large amount of nominal assets, a considerable part of which is claims on railroads in process of construction for work done in grading. It has been shown in various proceedings before the court, since the petition was filed, that it is doubtful whether a considerable part of these can ever be collected. From the history of the case given above it will be seen that the bankrupt consented to all the prayers of the petition, among which, of course, were included the prayer that he be declared to be insolvent and to be a bankrupt within the meaning of the bankruptcy law, and the commission of the act of bankruptcy.

It is stated in the petition to vacate that the bankrupt was persuaded to go into bankruptcy upon the idea that, if the bankruptcy proceedings were instituted, they would remain in statu quo, and the bankrupt would be allowed to work certain mules and outfit which he had in grading on a railroad near Elberton, Ga. He has been allowed to do this, and the result has not been at all satisfactory. By general consent he was allowed to work his mules and outfit for some time where he desired, and by general agreement this work was abandoned as unprofitable. In view of the bankrupt's express agreement that the prayer of the bankruptcy petition should be granted, his consent to the appointment of a receiver, his making no defense whatever to the adjudication, his filing his schedules in bankruptcy, and his general appearance before the court, by attorney and in person, through-

out the various stages of this proceeding so far, it seems to me that it will be absolutely necessary that the petition should be strengthened and further facts shown before the court would be justified in granting the petition. Rights have been affected, the situation has changed, and expenses have been incurred, all because of the consent of the bankrupt to the bankruptcy proceeding and to the receivership. Motion has been made to dismiss the petition to vacate on the ground that it states no facts that would justify the court in vacating the order of adjudication.

Unless the bankrupt can amend his motion to vacate by some additional ground, showing that fraud was practiced upon him in bringing about his consent to the bankruptcy proceeding, the appointment of receiver, etc., the motion must be dismissed. Remington on Bank-, ruptcy, § 429 et seq.; Collier on Bankruptcy, p. 358. If the bankrupt desires to amend this petition, he will be given sufficient opportunity for doing so.

If not, the petition must be dismissed.